B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ACTING UNITED STATES TRUSTEE | **DEFENDANTS**<br>DAVID MICHAEL PETERS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Haeji Hong, U.S. Trustee Office<br>880 Front Street, Suite 3230<br>San Diego, CA 92101<br>(619) 557-5013 | **ATTORNEYS** (If Known)<br>PETERS, DAVID, The Oracle Lawyers<br>191 Calle Magdalena Ste 200<br>Encinitas, CA 92024-3750<br>(760) 452-6750 |
| **PARTY** (Check One Box Only)<br>□ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(6)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>DAVID MICHAEL PETERS | BANKRUPTCY CASE NO. 23-00105-MM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISION OFFICE<br>San Diego | NAME OF JUDGE<br>Honorable Margaret M. Mann |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/Haeji Hong |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| July 17, 2023 | Haeji Hong |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| | |
|---|---|
| 1 | HAEJI HONG, ATTORNEY #198503 |
| 2 | TRIAL ATTORNEY |
|   | OFFICE OF THE UNITED STATES TRUSTEE |
| 3 | 880 Front Street, Suite 3230 |
|   | San Diego, CA 92101 |
| 4 | (619) 557-5013 |
| 5 | Attorney for |
|   | TIFFANY L. CARROLL |
| 6 | ACTING UNITED STATES TRUSTEE |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| In re: | ) Case No.: 23-00105-MM7 |
|---|---|
| DAVID MICHAEL PETERS, | ) |
| Debtor. | ) Adversary Proceeding No.: _____ |
| | ) COMPLAINT OBJECTING TO |
| ACTING UNITED STATES TRUSTEE, | ) DEBTOR'S DISCHARGE |
| | ) PURSUANT TO 11 U.S.C. §§ |
| Plaintiff, | ) 727(a)(2), 727(a)(3), 727(a)(4), AND |
| vs. | ) 727(a)(6) |
| DAVID MICHAEL PETERS, | ) |
| Defendant. | ) |

The Acting United States Trustee (the "United States Trustee" or "Plaintiff") believes and, therefore, alleges:

## GENERAL ALLEGATION

## JURISDICTION AND VENUE

1. This is an adversary proceeding in which Plaintiff is requesting a denial of Defendant's discharge. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, General Order 312-E of the United States District Court, Southern District of California and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper in this district consistent with 28 U.S.C. § 1409 as the underlying bankruptcy case is being

COMPLAINT

- 1 -

administered in this district.  Plaintiff consents to the entry of final orders or judgments.

## PARTIES

2. Plaintiff is the Acting United States Trustee for the Southern District of California, Region 15, which comprises the judicial district of the Southern District of California.  Plaintiff has standing to bring this complaint to object to the discharge of debtor, David Michael Peters ("Debtor" or "Defendant"), pursuant to 11 U.S.C. § 727(c)(1).[1]

3. Defendant is a Debtor who commenced this case with the filing of a certificate of credit counseling on January 20, 2023 ("Commencement Date") and voluntary petition under Chapter 11 of the Bankruptcy Code on January 22, 2023 (the "Petition Date").

4. On April 11, 2023 ("Conversion Date"), the Court entered an order converting this case to Chapter 7.

5. Thereafter, Leonard J. Ackerman (the "Chapter 7 Trustee") was appointed as the Chapter 7 trustee appointed in this case.

## STATEMENTS TO SUPPORT CLAIMS

**A.    Monthly Operating Reports**

6. Defendant filed a certificate of credit counseling, instead of the voluntary petition, on January 20, 2023 to initiate this bankruptcy case; he filed the petition under Chapter 11 on January 22, 2023 to correct the inaccurate document filed on January 20, 2023.

7. Defendant was required to file four (4) monthly operating reports with the Court from the Commencement Date of January 20, 2023 through the Conversion Date of April 11, 2023.

8. Defendant filed no monthly operating reports as of the filing of this

---

[1] Unless otherwise noted, all section references are to the Bankruptcy Code 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure 1001-9037.

COMPLAINT

- 2 -

complaint.

9. Because Defendant failed to file any monthly operating reports, Defendant did not report any financial activity.

### B. Debtor-in-Possession Bank Account

10. The United States Trustee never received any proof of the opening of the Debtor-in-Possession ("DIP") bank account and is not aware if the estate's funds were transferred or kept in a DIP bank account.

### C. Failure to File and Submit Documents Pursuant to Conversion Order

11. On April 11, 2023, the Court entered the Court Modified Order Converting Case Under Chapter 11 to Case Under Chapter 7 ("Conversion Order"), as Docket No. 141 and ordered Defendant to file, among other things:

   a. A schedule of all unpaid debts incurred after the commencement of the chapter 11 case, including the name and address of each creditor, within 14 days of the date of the Conversion Order;

   b. A final report and account and transmit to the United States Trustee, within 30 days of the Conversion Order;

   c. Schedules and Statement of Financial Affairs as required by FRBP 1019(1)(A) and 1007(b), within 14 days of the Conversion Order.

12. None of the required documents enumerated in Paragraph 11 were filed with the Court within the deadlines set in the Conversion Order.

### D. United States Trustee's Further Request for Information at Meeting of Creditors

13. At the meeting of creditors held pursuant to § 341(a) on June 6, 2023, the United States Trustee's Office appeared and requested the following to be produced by **June 30, 2023**:

   a. Filing of full and complete monthly operating reports that should have been filed in chapter 11 for the months of January through April 2023,

including bank statements of all bank accounts that was open at that time (DIP bank accounts and/or pre-petition bank accounts); and

      b.    Supporting documents regarding accounting of and explanation of all funds disbursed between March 23, 2023 (the date of the court hearing converting the case to chapter 7) and April 11, 2023.

14.    At the meeting of creditors held pursuant to § 341(a) on June 6, 2023, the United States Trustee's Office appeared and requested the following to be produced by **July 5, 2023**:

      a.    Filing of a schedule of all unpaid debts incurred after the commencement of the chapter 11 case, including the name and address of each creditor;

      b.    Filing and forwarding to the United States Trustee's Office a final report and account pursuant to FRBP 1019(5)(A)(ii);

      c.    Filing of accurate and complete Schedules and Statement of Financial Affairs;

      d.    Supporting documents regarding Defendant's ownership interest and fund transfers in and out of Fee Structured Plus;

      e.    Supporting documents regarding Defendant's ownership interest and fund transfers in and out of Lifetime Financial Advisors; and

      f.    Supporting documents regarding Defendant's interest in Via Valente LLC (which was already requested from the Defendant while the case was pending in chapter 11).

15.    On June 8, 2023, the United States Trustee's Office emailed the Defendant re-iterating the request made at the meeting of creditors.

16.    Defendant has not filed any of the required documents directed by the Court in the Conversion Order or subset of the documents that the United States Trustee's Office requested to be filed by July 5, 2023 as of the filing of this complaint.

COMPLAINT

- 4 -

17. The United States Trustee's Office has not received any documents responsive to the request made at the meeting of creditors on June 6, 2023.

### CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO ABIDE BY CONVERSION ORDER UNDER 11 U.S.C. § 727(a)(6)**

18. Plaintiff incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

19. The Court has entered the Conversion Order directing Defendant to file certain documents with the Court and to transmit certain documents to the United States Trustee's Office.

20. Defendant failed to file or transmit to the United States Trustee's office any of the required documents by the deadlines set forth in the Conversion Order.

21. The United States Trustee's Office specifically requested certain documents to be filed and document to be transmitted to the United States Trustee's Office pursuant to the Conversion Order at the meeting of creditors on June 6, 2023.

22. Therefore, Defendant has refused to obey lawful order of the Court.

23. The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(6).

**SECOND CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO FILE MONTHLY OPERATING REPORTS UNDER 11 U.S.C. § 727(a)(2)**

24. Plaintiff incorporates by reference paragraphs 1 through D.23, as though fully set forth herein.

25. Defendant failed to file any monthly operating reports for the months of January 2023 through April 2023.

26. Defendant's failure to file the monthly operating reports was done

COMPLAINT

with intent to hinder, delay, or defraud a creditor to conceal property of the estate.

27. By failing to file the monthly operating reports, Defendant has concealed property of the estate, after the date of the filing of the petition.

28. The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(2).

### THIRD CAUSE OF ACTION:  DENIAL OF DISCHARGE FOR FAILURE TO FILE MONTHLY OPERATING REPORTS AND TO PROVIDE REQUESTED INFORMATION UNDER 11 U.S.C. § 727(a)(3)

29. Plaintiff incorporates by reference paragraphs 1 through 28, as though fully set forth herein.

30. Defendant failed to file any monthly operating reports for the months of January 2023 through April 2023.

31. Defendant failed to provide, among other things, proof of the opening of the DIP bank account to the United States Trustee's Office.

32. Defendant failed to provide information that the United States Trustee's Office requested at the meeting of creditors held pursuant to § 341(a) on June 6, 2023 as set forth in paragraphs D.13 and D.14.

33. By failing to file any monthly operating reports and provide proof of the opening of DIP bank account and requested information, Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Defendant's financial condition or business transactions might be ascertained.

34. The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(3).

///

///

///

COMPLAINT

# FOURTH CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO FILE MONTHLY OPERATING REPORTS AND PRODUCE DOCUMENTS CONVERSION ORDER UNDER 11 U.S.C. § 727(a)(4)(D)

35. Plaintiff incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. Defendant knowingly and fraudulently failed to file any monthly operating reports for the months of January 2023 through April 2023.

37. Defendant knowingly and fraudulently failed to produce any documents responsive to the Conversion Order.

38. The Chapter 7 Trustee and the United States Trustee are entitled to monthly operating reports that have not been filed and to monthly operating reports that show all of Defendant's bank accounts, including Defendant's DIP bank account, as those monthly operating reports relate to Defendant's property and financial affair.

39. The Chapter 7 Trustee and United States Trustee are entitled to documents responsive to the Conversion Order to determine the Debtor's financial affairs.

40. Therefore, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(4)(D).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discharge of Defendant's debts be denied and that Plaintiff have such other and further relief as is just.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: July 17, 2023       By: /s/ Haeji Hong
                               Haeji Hong,
                               Attorney for the Acting United States Trustee

COMPLAINT

- 7